**UNITED STATES of America**

v.

**Roland LITTERIO.**

**Crim. No. 17020.**

United States District Court
S. D. Texas, Laredo Division.

Feb. 11, 1957.

Application to Appeal in Forma Pauperis
Denied March 6, 1957.

Brian Odem, Brownsville, Tex., for
the United States.

Roland Litterio pro se.

CONNALLY, District Judge.

The above named petitioner was sentenced on September 19, 1955 by this Court to a period of confinement of four years and a fine of $1 upon his conviction, on a plea of guilty, of a three-count indictment alleging violations of the narcotics laws. Count One charged a conspiracy with his wife, Martina Litterio, and one Serapio Arreaga, unlawfully to import into the United States from Mexico a quantity of heroin; Count Two charged the three defendants jointly with the unlawful importation of such heroin; and Count Three charged the three defendants with the unlawful transportation and concealment thereof, after its importation.

After originally entering a plea of not guilty, petitioner requested that he be rearraigned, and entered a plea of guilty to the three counts. His wife likewise, entered a plea of guilty on the three counts. On motion of the United States Attorney charges against Arreaga were dismissed.

At all stages of the proceeding this petitioner was represented by able and experienced counsel of his own choice, who had represented him and members of his family for a period of many years.

It being made known to the Court that Martina Litterio, the wife and co-defendant, had given birth to a child within a matter of a few weeks prior to the date of trial, on request of defense counsel a suspended sentence of two years was imposed as to the wife.

The motion to vacate is based upon the following points which petitioner asserts. He contends that Count One, alleging a conspiracy unlawfully to import the narcotic, does not charge

that he committed an overt act in pursuance of the conspiracy. The most cursory examination of the indictment shows that this is untrue. As to Count Two, petitioner simply asserts that he was not guilty of the importation by reason of the fact that statements of counsel made in open court would indicate that the narcotic was found by the arresting officers secreted upon his wife's person. Such contention overlooks the fact that one may be charged as a principal who "aids, abets, counsels, commands, induces, or procures" the commission of an offense against the United States (§ 2, Title 18, U.S.C.A.). The motion further contends that the judgment and sentence are void in that the plea of guilty was entered through inadvertence and excusable neglect. Such contention is palpably without merit. Further contention is made that the judgment and sentence are void in that the wife received a less severe sentence than did this petitioner. This contention likewise is without merit.

I conclude as a matter of law that the files and records of this Court conclusively show that the petitioner entered his plea of guilty freely, voluntarily, advisedly, and while represented by competent counsel of his own employment; the indictment sufficiently charged violations of the laws of the United States to which the petitioner entered his guilty plea; that the judgment and sentence of the Court in all respects were valid and proper; and that petitioner's motion to vacate should be, and same is hereby denied.

I further find that the files and records of the case conclusively show that this petitioner, Roland Litterio, is entitled to no relief (§ 2255 of Title 28 U.S. C.A.).

The foregoing is adopted as findings of fact and conclusions of law.

### On Application to Appeal in Forma Pauperis

The Clerk has received and filed under date of February 6, 1957, what appears to be the last page of an application by the defendant Roland Litterio, to appeal *in forma pauperis* from the recent order of this Court which denied his motion to vacate the sentence imposed September 19, 1955. While obviously the instrument is incomplete, it contains the statutory affidavit and its purpose is clear. Hence, I shall consider it as though it were a complete instrument requesting that the appeal be allowed and that the record and stenographic transcript be prepared and furnished at Government expense as frequently is the case in matters of this character.

 As is clear from the memorandum filed February 11, 1957 in connection with defendant's motion to vacate, I am clearly of the view that no substantial question for review is presented, that an appeal by this defendant is frivolous and futile. Entertaining such view it is my duty to certify, and I do hereby certify, that the appeal sought to be taken *in forma pauperis* is not taken in good faith (§ 1915, Title 28 U.S.C.A.; Parsell v. U. S., 5 Cir., 218 F.2d 323), and the application therefor is denied.