STATE OF CONNECTICUT *v.* RALPH E. TUSCANO

Decided October 15, 1958

*Ralph E. Tuscano,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. A jury found the defendant guilty of the charge of assault with intent to carnally know and abuse a minor female. On February 20, 1957, the Superior Court sentenced him to the state prison for not less than three nor more than eight years.

On or about November 3, 1956, a fifteen-year-old girl, the product of an unhappy home and a runaway, came to the farm where the defendant and his codefendant, George Densmore, were working and asked for food. The defendant obtained some sandwiches for her. That evening both men took her out for a ride in Densmore's car. Sometime later they stopped and parked, drank beer and assaulted the girl. The defendant, age thirty-seven, was the father of nine children. George Densmore was charged with statutory rape, to which he pleaded guilty, and was sentenced by the same judge to state prison for not less than one nor more than three years. The file indicates that the defendant did not

have a complete intercourse with the girl, as did Densmore.

The defendant had the following prior criminal record:

1936—Wallingford—receiving stolen goods—dismissed.

August 16, 1938—breaking and entering—fined; judgment suspended on theft.

August 3, 1942—Middlefield—breaking and entering in the night season, larceny and possession of burglary tools—one year in jail.

August 16, 1950—Meriden—bigamy—one year, execution of sentence suspended and probation for one year.

November 6, 1956—Easton—attempted carnal assault (present offense)—bound over to the Superior Court.

November 26, 1956—Middletown—breaking and entering, larceny over $50, the offense having occurred August 2, 1955—on January 24, 1957, sentenced to one year on each count, concurrently, execution suspended and probation for two years.

The record of the defendant included five motor vehicle offenses within the past six years and indicated his license was under suspension.

Defendant complains that he received a higher penalty on a lesser charge than did Densmore, who was charged with a higher crime. There were differences between the cases. The trial court observed that the defendant was charged with the lesser offense because of statements which the victim, a girl of low mentality, had made during the course of the investigation, and that the evidence might also have supported a more serious charge.

Densmore had pleaded guilty and testified with no promises of any kind made to him and without any recommendation as to penalty from the state's attorney. The question of the mental health of the defendant was also a factor presented to the court for consideration.

In adjusting a sentence to individual needs between the defendant and his codefendant, the court could reasonably have considered as factors warranting a difference in sentences between them any repentance and willingness to make atonement, evidenced by the plea of guilty of the one as against the absence of any such attitude on the part of the other, and any difference between the offenders in mental health, social attitudes and levels of development, as disclosed by the presentence investigation reports of both defendants. Here the trial court had an excellent opportunity to observe and evaluate the defendant during the trial.

The sentence imposed is proper and appropriate and should stand.

Thim, Ryan and Pastore, Js., participated in this decision.