**UNITED STATES of America**
**v.**
**Philip John VITA, Defendant.**

**No. 60-Cr-6.**

United States District Court
E. D. New York.

Sept. 28, 1962.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for U. S., Gilbert A. Bond, Asst. U. S. Atty., of counsel.

Anthony F. Marra, New York City, for defendant, George Calabrese, Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Philip John Vita, Jerald Carmel and Raymond Ronald Pierson were indicted for (i) robbing a national bank on or about September 18, 1958, (ii) placing in jeopardy the life of an employee of the bank by use of a dangerous weapon while committing the robbery, and (iii) conspiring to commit the robbery in violation of 18 U.S.C. §§ 2113 and 371. The maximum penalty for the offense is twenty-five years imprisonment. Vita and Carmel pleaded not guilty, and Pierson pleaded guilty to Count 1. At the trial evidence was adduced showing that

a stolen car was used to commit the offense, and that the lives of the bank's personnel were jeopardized when a weapon was fired into the bank manager's chair by Vita immediately after the former was forcibly ejected from the chair.

On May 6, 1960, the Court, having examined the presentence reports of Vita, Carmel and Pierson and also the testimony with respect to the backgrounds of Vita and Pierson, sentenced Vita and Carmel to fifteen years imprisonment on Count 2 and five years imprisonment on Count 3, the sentences to be served concurrently.[1] No sentence was imposed on Count 1, which was merged with Count 2. On May 13, 1960, Pierson, who pleaded guilty to Count 1 and who testified on behalf of the Government, was sentenced to six years imprisonment and on motion by the Government Counts 2 and 3 were dismissed. Subsequently, both Vita and Carmel appealed from the judgment of the conviction but the same was affirmed. Thereafter Vita moved under Rule 35, Fed.Rules Crim.Proc., 18 U.S.C. for a reduction in the sentence but this was denied. Vita now petitions pursuant to Section 2255, Title 28 of the United States Code, claiming the right to be released upon the ground that the sentence imposed upon him was in violation of the Constitution, in that it discriminates against him and is in violation of the equal protection provision of the 14th Amendment. He also claims, by implication, that the punishment imposed upon him was cruel and inhuman in violation of the 8th Amendment.[2]

■ The facts in this case being admitted, there was no necessity for the presence of the prisoner. Nevertheless, the Court appointed an attorney for Vita and heard argument of the motion in *forma pauperis* at a hearing held on September 27, 1962. The gravamen of Vita's complaint is that he received fifteen years while defendant Pierson received only six years. This unequal sentence, he says, violates the 14th Amendment. Since the 14th Amendment is not applicable to a Section 2255 proceeding, the allegation will be treated as one setting forth a violation of the due process clause of the 5th Amendment.

At the outset some question might be raised as to whether under United States v. Wiley, 7 Cir. 1960, 278 F.2d 500, the disparity in the sentences was subject to a review on the appeal and hence not within the purview of a Section 2255 application. There being no authority for such position in this Circuit,[3] the Court will consider the application upon its merits.

■ Assuming that due process under the 5th Amendment also means equal protection of the law, there can be no doubt that Vita received equal protection of the law when he was afforded a trial in accordance with the Constitutional requirements and an opportunity to appeal in *forma pauperis*, which resulted in the affirmation of his conviction. Due process and equal protection of the law, of course, do not mean equal sentences in criminal cases. All these defendants had a trial which accorded with the requirement of due process of law. In this case the record shows that Vita and Pierson had different backgrounds and played different parts in the commission of the crime. Before the commission of this crime Vita had forged a traveler's check and committed a burglary. Pierson, on the other hand, had no prior record before the commission of the crime although he committed a similar crime shortly after the instant one was committed and was convicted in another jurisdiction prior to the trial of the pres-

1. For good behavior Vita may receive an allowance of 4 years and 340 days. (18 U.S.C. § 4161)

2. Cf., Robinson v. State of California, 1962. 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 2d 758.

3. United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, petition for rehearing denied, 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 652.

ent offense. At the trial the Court was able to observe and assess the personalities of both of these defendants and also to learn of their backgrounds. Under the circumstances the Court felt there should be a disparity in the sentences of these defendants both for the protection of the community and the rehabilitation of the respective parties. In addition, the Court considered Pierson's assistance to the Government. Vita and Carmel were not penalized because they pleaded not guilty, although Pierson received some consideration because he pleaded guilty.

■ There is no requirement under the due process clause or any other clause of the Constitution which imposes a mandate upon the Court to render uniform sentences against criminal defendants. Otherwise the imposition of sentences would be an inflexible mechanical operation without any humanitarian or social consideration rather than an effort to make the punishment fit not only the crime but also the character and needs of the individual and the requirements of the community. In reaching its conclusion the Court was compelled to weigh the time needed for the rehabilitation of this particular defendant and the necessity for a deterrent as well as the demands of the community for protection. In United States v. Litterio, D.C.Tex., 1957, 153 F.Supp. 329, aff'd, 5 Cir., 244 F.2d 956, cert. denied, 355 U.S. 849, 78 S.Ct. 75, 2 L.Ed.2d 58, and in Howard v. Fleming, 1903, 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121, similar assaults have been made against sentences because of a disparity in terms imposed upon codefendants, without success.

■ There is no merit in Vita's claim concerning cruel and inhuman treatment because the statute itself permits the imposition of a maximum of twenty-five years penalty for the commission of the crime; it would be rather late in the day for this Court to attempt to find this statute unconstitutional. A court should always be fearful that its sentence might be too harsh. It should be observed, however, that the average sentence imposed by the Federal courts for robbery in 1959, according to the 1960 Annual Report of the Director of the Administrative Office of the United States Courts (p. 111), was 156.5 months (approximately 13 years), which included sentences of those pleading guilty as well as those convicted, but excluded indeterminate sentences. Actually, Vita's complaint is directed against the alleged leniency of Pierson's sentence, which Vita apparently claims should be used as a yardstick in imposing his sentence. Needless to say, such standard is neither a basis for his sentence nor for relief under Section 2255.

From the files and records in this case and after hearing counsel for the parties, the Court finds that there was sufficient reason for the disparity in the sentences and that there has been no denial or infringement of the petitioner's constitutional rights; accordingly the motion is denied.

The foregoing constitutes the Court's findings of fact and conclusions of law.