**UNITED STATES of America ex rel. Charles KENNEY, Petitioner,**

v.

**Hon. Edward M. FAY, as Warden, Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

July 24, 1964.

Charles Kenney, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent, John De Witt Gregory, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner, confined under a State Court judgment of conviction entered upon his plea of guilty to manslaughter in the first degree, seeks his release upon a Federal writ of habeas corpus on the ground that the judgment is void for violation of his federally protected constitutional right to due process of law. The nub of his claim is that his plea of guilty was coerced as a result of an agreement between the Court and his counsel, upon which he relied, that he would receive the same sentence as two codefendants. He and a codefendant, McLaughlin, were sentenced to terms of three to five years, and the third codefendant, Murphy, was given a suspended sentence.

Heretofore petitioner, based upon the same charges here presented, applied for a writ of error coram nobis in the State Courts. A hearing was granted at which petitioner testified in support of his allegations. An affidavit was received in evidence from his attorney, which cor-

roborated the contentions of petitioner that an agreement had been entered into with the Court that at the time of sentence all three defendants would be treated alike. Petitioner's testimony and the affidavit of his attorney of the circumstances under which the plea was entered were not directly challenged; the prosecution offered no countering evidence. Indeed, the Judge, during the progress of the hearing, commented that his record "shows, on the day of the plea all to be treated alike * * *." The Judge then noted that the presentence inquiry indicated that petitioner and the codefendant, who had received the prison terms, had prior criminal records, and that their participation in the crime was much greater than that of Murphy, whereas Murphy, who received the suspended sentence, had led an exemplary life. The petitioner had alleged in his petition, among other matters, that he was aware of Murphy's favorable background and the likelihood that he would receive favorable treatment, and, since it would also be accorded to him under the arrangement, he pleaded guilty.

The prosecution's position in the State coram nobis proceeding, also advanced here, appears to be that the Court's alleged agreement with counsel, that "all 3 defendants would be treated alike," simply meant that any sentence imposed upon petitioner would come within the permissible sentence limits of manslaughter in the second degree, as if that were petitioner's plea; that in fact his sentence did come within those limits.

Some weeks after the hearing, the Court filed a memorandum dismissing the petition, stating, among other matters, that: "A review of all the facts and probation report of each defendant compels the conclusion that it would have been as unjust to imprison Murphy as it would have been not to imprison Kenney and McLaughlin." [1] The dismissal was affirmed by the Appellate Division,[2] and

leave to appeal was denied by the Court of Appeals.

The Trial Court's memorandum dismissing the petition did not contain findings of fact and conclusions of law. The Court made no direct reference to petitioner's basic charge that his plea was the induced result of representations made by the Court as to sentence to be imposed.

In this proceeding the prosecution, in addition to its interpretation of the phrase, "all to be treated alike," challenges the petitioner's fundamental position that any promise of equality of sentence was in effect. It does so by reference to the minutes of the plea when the Court stated: "They are going to take the plea unconditionally now. [Defendant's counsel]: Yes." This colloquy took place immediately after petitioner's counsel had requested that the proposed plea of guilty to manslaughter, first degree, also cover another indictment (in no way related to the one here involved), wherein petitioner and codefendant McLaughlin were charged with burglary, which request was granted. The prosecution also takes issue here with statements by petitioner and his counsel that immediately upon the pronouncement of sentence counsel protested that the Court had failed to comply with the previous arrangement. It stresses that the minutes of the sentence contain no reference thereto. Finally, the State contends that whatever arrangement was allegedly made was observed in that all three defendants were treated as second felony offenders, and hence there is no basis for petitioner's claim.

■ In the circumstances here presented, it is not clear from the State record whether the Trial Court passed upon and considered petitioner's fundamental charge that his plea of guilty was not a voluntary one. Further, it now appears that there is an issue as to whether the plea was unconditionally entered, and

1. People v. Kenny, 236 N.Y.S.2d 911, 913 (1962).

2. Roche v. Kelly, 19 App.Div.2d 948, 245 N.Y.S.2d 320 (2d Dep't 1963).

also whether the minutes are correct.[3] Accordingly, the Court is of the view that an evidentiary hearing is required to determine the issues presented on the present application.

 The Court deems it advisable to appoint counsel to represent petitioner, and Anthony F. Marra, Esq. is hereby appointed. Counsel are requested to agree upon a date for a hearing.

3. Cf. United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2d Cir. 1963).