Clifford Junior SIMPSON, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14747.

United States Court of Appeals Seventh Circuit.

March 2, 1965.

Clifford Junior Simpson, Erle A. Kightlinger, Indianapolis, Ind., for appellant.

Richard P. Stein, U. S. Atty., James R. Thornton, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Simpson, previously convicted of bank robbery in the federal district court, filed this Sec. 2255 motion to vacate or correct his ten year sentence. The district court, without a hearing, denied the motion and Simpson has appealed.

Two questions are raised here: (1) whether, at the trial for bank robbery, the court violated Rules 10 and 11 of the Federal Rules of Criminal Procedure in petitioner's arraignment and in acceptance of his guilty plea.; (2) whether he was denied due process under the Fifth Amendment because of disparity of his sentence and those of two of his co-defendants.[1]

1. Simpson cited in support of his claim the Equal Protection Clause of the Fourteenth Amendment, which is not applicable to the federal government. We treat the claim, therefore, as one alleging a violation of due process under the Fifth Amendment.

The first question noted was not raised in Simpson's petition to vacate. This petition was presented by means of answers to a form questionnaire adopted by the District Court for the Southern District of Indiana in Rule of Practice 26 for use in collateral attacks upon judgments in criminal cases. We include in the margin the pertinent sections of this form and Simpson's answers thereto.[2] We recognize the petitioner's problem in preparing his own petition and are disposed to a liberal reading of it, but only those claims which can fairly be con-

2. * * * * * * * * * * *

9. State concisely the grounds on which you base your allegation that the sentence which was imposed on you is invalid:
(a) U.S. —VS—CONFORTE 51, L.D. US 159
BARBER —VS—CONNALLY 113, US 27, 28 ed 9235
(b) DISPARITY IN SENTENCING.
(c) EQUAL RIGHTS UNDER AMENDMENT 14, SECTION I OF THE CONSTITUTION OF THE UNITED STATES.

10. State concisely and in the same order the facts which support each of the grounds set out in (9):
(a) FACTS PRESENTED ON REVERSE SIDE OF THIS PAGE.
10 (a) U.S. VS CONFORTE 51, L.D. US 159
THE JUDGE IN THIS CASE RECOGNIZED THE EVIL IN DISPARITY OF SENTENCE IMPOSED ON CO-DEFENDANT IN SAME CASE. TWO YEARS AFTER SENTENCING HE EQUALIZED SENTENCES OF BOTH DEFENDANTS IN THE CASE, AND IN DOING SO HE STATED:
EQUAL JUSTICE REQUIRES THAT NO DEFENDANT PAY A HIGHER PENALTY THAN ANOTHER IN THE SAME CASE, EQUAL GUILTY OF THE SAME CRIME. EQUAL JUSTICE IS A CARDINAL PRINCIPLE OF AMERICAN JURISPRUDENCE.
28
ALSO BARBER VS CONNALLY 113 US 27, ed 9235
113 US 27, 28ed 9235
IT WAS STATED: "NO GREATER BURDEN SHOULD BE LAID UPON ONE THAN IS LAID UPON ANOTHER IN THE SAME CALLING AND CONDITION, AND THE ADMINISTRATION OF CRIMINAL LAW REQUIRES THAT NO GREATER SHOULD BE IMPOSED."
10 (b) IN THE COMMISSION OF THE ROBBERY, PETITIONER AT NO TIME CARRIED A FIREARM. AT NO TIME DID PETITIONER PUT LIFE IN JEOPARDY, AND A SENTENCE OF TEN (10) YEARS WAS IMPOSED.

CO-DEFENDANT HANSEN, WHO WAS THE CONFESSED ROBBER, ENTERED THE BANK WITH A FIREARM AND DID PUT LIFE IN JEOPARDY, RECEIVED FIVE (5) YEARS. THESE TWO STATEMENTS ALONE SHOW DISPARITY . . . SENTENCE OF DEFENDANTS SIMPSON AND HANSEN IN CASE NO. ID 63-CR-111. THE PETITIONER REALIZES HE IS EQUALLY GUILTY OF THIS CRIME. PETITIONER RESPECTFULLY REQUESTS THAT THIS SENTENCE OF TEN (10) YEARS BE VACATED, SET ASIDE AND CORRECTED TO FIVE (5) YEARS AS IMPOSED ON CO-DEFENDANT HANSEN IN THE SAME INSTANT CASE.
10 (c) EQUAL RIGHTS UNDER AMENDMENT 14, SECTION 1
EXCERPT FROM AMENDMENT 14, SECTION 1 OF THE CONSTITUTION OF THE UNITED STATES: "NOR TO DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS."
AN EXCERPT FROM THE ST. LOUIS POST DISPATCH. THE EDITORIAL WRITTEN ON ANNUAL CONFERENCE OF THE SIXTH CIRCUIT JUDGES IN 1961, AT HIGHLAND PARK, ILLINOIS. ATTENDED BY MOST OF THE JUDGES FROM THE SIXTH, SEVENTH AND EIGHTH CIRCUITS. IT IS AS FOLLOW: 'SINCE THE GOVERNMENT INSISTS THAT ALL PERSONS STAND EQUAL BEFORE THE LAW, THERE SHOULD BE EQUALITY IN PENALTIES TO WHERE DEFENDANTS AND CO-DEFENDANTS IN THE SAME CASES ARE EQUALLY GUILTY OF COMMITTING THE SAME CRIME.
* * * * * * * * * * *

sidered to have been raised can be passed upon. We think that Simpson limited his claim to the disparity in sentencing.

The district court should have the original opportunity to pass on the question and make a record upon which the attorneys can adequately brief and this court adequately review if an appeal is taken. We will not consider, therefore, the claim of violation of Rules 10 and 11. Simpson is not by this holding prejudiced with respect to a future presentation of this claim.

■ Since there was no hearing granted, the question before us is whether the "motion and the files and records" conclusively show that the prisoner is entitled to no relief, 28 U.S.C. § 2255, on his claim of violation of due process in the disparity of sentence between him and his codefendants.

The bank robbery indictment named as defendants Pennington, Pettit, Simpson, and Bettie Jo Hansen. The court imposed sentences of fifteen years on Pennington, eight years on Pettit, ten years on Simpson and five years on Bettie Jo Hansen. In his petition Simpson alleges that he carried no firearm and that Bettie Jo Hansen, "the confessed robber, entered the bank with a firearm and did put life in jeopardy. * * *" He prayed that the ten year sentence be vacated and "corrected to five (5) years, as imposed on co-defendant Hansen. * * *"

■ The motion merely states the facts showing disparity. It does not show there was not a reason for the different sentences. We see no merit in the argument by counsel for Simpson that since Simpson attacked the sentence, the record must show "affirmatively and convincingly" the considerations justifying the disparity, and that in the absence of such a showing this court should "assume" the disparity was arbitrary. Simpson admits the record shows sufficiently the reason for the disparity between him and Pennington but not between him and Hansen and Pettit. We

think the reverse of what Simpson seeks is the rule, that the presumption is that the court acted reasonably, and that the movant in a Sec. 2255 proceeding must make allegations at least indicating some unreasonable basis for the disparity of sentences. Howard v. Fleming, 191 U.S. 126, 136, 24 S.Ct. 49, 48 L.Ed. 121 (1903); United States v. De Marie, 261 F.2d 477, 479 (7th Cir. 1958); Petition of Cohen, 217 F.Supp. 240, 244 (E.D.N.Y. 1963); United States v. Vita, 209 F. Supp. 172, 173-174 (E.D.N.Y.1962).

There is no authority cited for Simpson's contention. Neither facts nor holding in United States v. Wiley, 278 F.2d 500 (7th Cir. 1960), are authority for that contention. Its implications are to the contrary. We said there, "Only in an exceptional case will the court interfere" with the sentencing court's discretion; and "It is evident that the punishment imposed * * * on Wiley was in part for the fact that he had availed himself of his right to a trial, and only in part for the crime * * *." This court thought Wiley had been arbitrarily "singled out" without justification.

■ We think the rule contended for by Simpson is impracticable as well as being without authority. The situation before us discloses the impracticability of requiring a trial judge to justify disparate sentences of co-defendants. The sentencing judge, so far as the record shows, when Simpson was sentenced had not yet sentenced Hansen, if she had been tried, and had not yet tried Pettit. Consequently there was no opportunity to measure Simpson's sentence against that of either Hansen or Pettit.[3]

■ We are aware, as Simpson's attorney argues, of the harmful effects, upon inmates of penitentiaries, of unjustified disparity in sentencing. We do not, however, consider the disparity shown here to be unjustified. The record before us shows, in the absence of anything to the contrary, a discriminating, thoughtful sentence of Simpson. "You

---

3. Simpson alleges the Hansen sentence was five years and his counsel informs us that Pettit's was eight years.

[Simpson] are at least a three time loser. * * * You were partners in this enterprise. * * * On the other hand * * * you have been cooperative. * * * We will take that into consideration to some extent." We shall not assume the court was less discriminating in imposing the sentences on Simpson's co-defendants.

The district court in disposing of the disparity question relied on United States v. Litterio, 153 F.Supp. 329 (S.D. Tex.), aff'd per curiam, 244 F.2d 956 (5th Cir.), cert. denied 355 U.S. 849, 78 S.Ct. 75, 2 L.Ed.2d 58 (1957), where a defendant complained, among other things, that his judgment and sentence were void because his co-defendant wife, who gave birth to a baby shortly before trial, had received a lesser sentence. The court simply found the contentions "without merit."

The judgment is affirmed.

The court wishes to express its thanks to Mr. Erle A. Kightlinger of the Indiana Bar for his able and dedicated service as court-appointed counsel for the appellant in this case.