**UNITED STATES of America ex rel. Charles RESSEGUIE, Petitioner,**

v.

**Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, N. Y., Respondent.**

**No. 68 Civil 4315.**

United States District Court
S. D. New York.
April 3, 1969.

---

Charles Resseguie, pro se, petitioner.

Louis J. Lefkowitz, Atty. Gen of the State of New York, New York City, for respondent, Hillel Hoffman, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, Charles Resseguie, currently serving a ten to twenty-year sentence imposed after his plea of guilty in April, 1951, to robbery in the first degree, seeks his release upon a federal writ of habeas corpus. Petitioner was named in the same indictment with his brother George, who also pled guilty at the same time. Charles was sentenced as a first felony offender; George, as a second felony offender, to a term of twenty to forty years. In 1957 George successfully attacked the underlying 1933 conviction which was the predicate for his sentence as a second felony offender. This necessarily required his resentence upon the indictment in which he was named with petitioner. Thereupon he was resentenced to a term of ten to thirteen years. The resentencing court (not the original sentencing court), when imposing that sentence, noted that it had reviewed George's record while in prison under the 1951 sentence, also rehabilitative factors favorable to him, and that it had been "very lenient" in imposing the ten to thirteen-year sentence.

The petitioner, averring that the original sentencing judge (now deceased) had intended to treat both brothers alike and to impose the same sentence, since they were equally culpable, alleges that the failure of the New York courts to reduce his sentence to ten to thirteen years upon his coram nobis application for such relief was a denial of due process and the equal protection of the law.[1] The claim is entirely without substance. First, the sentence imposed upon petitioner was within permissible limits under New York law.[2] Second, and of equal importance, the matter of sentence involves an individual judgment in the instance of each defendant; even in the same case, with multiple defendants con-

1. Compare United States ex rel. Kenney v. Fay, 232 F.Supp. 899 (S.D.N.Y.1964).

2. See old Penal Law, McKinney's Consol. Laws, c. 40, § 2125 (ten to thirty years).

victed of the same crime, individual factors may warrant, and often do, entirely different sentences.[3] For this reason due process and equal protection of the law "do not mean equal sentences in criminal cases."[4]

Petitioner's contention that the sentencing court intended to treat both brothers alike is not borne out by the record; indeed, it is refuted by the fact that the original sentencing court imposed as the maximum term upon George twice that imposed upon petitioner.[5] While it is true that George's prior conviction (since vacated) required an increased sentence as a second felony offender, it did not require that the sentence be fixed at double the term imposed upon petitioner.[6] The fact that upon resentence of George in 1957, made necessary by the vacatur of his prior felony conviction, the resentencing court had the opportunity to appraise his conduct since 1951, when he was sentenced under the instant indictment, and was "very lenient" to George, in no way indicates any "injustice" to petitioner—certainly no constitutional right of petitioner was violated by that leniency.

The minutes reveal that the original sentencing court conscientiously performed its function, even to the extent of interviewing interested persons in an effort to arrive at a fair judgment to each defendant. Contrary to petitioner's contention, the minutes show that the court did not intend to treat both brothers alike, referring to one as "a dangerous member of society" and the other, despite prior convictions, as appearing to have "some redeeming qualities." There is no basis upon the facts here presented for any claim of invasion of any constitutional right of petitioner.

So, too, petitioner's further claim that he was denied the right of allocution, without more, does not raise a federal constitutional issue.[7] Moreover, the sentencing minutes again refute petitioner's claim; they reflect he was asked what he had to say "as to why judgment of this Court should not be pronounced against you according to law * * *." Petitioner did not respond. The response was made through his lawyer. The attorney made an extended plea on behalf of petitioner and his codefendant, urging that the court, in imposing sentence, among other matters, take into account a series of other holdups, which petitioner and his brother

3. Williams v. New York, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); United States v. Doyle, 348 F.2d 715, 721 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965); Jones v. United States, 117 U.S.App.D.C. 169, 327 F.2d 867, 877–878 (1963) (Wright, J., concurring); Coke v. United States, 280 F.Supp. 97, 103–104 (S.D.N.Y.), rev'd on other grounds, 404 F.2d 836 (2d Cir. 1968) (en banc); cf. Witherspoon v. Illinois, 391 U.S. 510, 521 n. 20, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

4. United States v. Vita, 209 F.Supp. 172, 173 (E.D.N.Y.1962). Cf. Howard v. Fleming, 191 U.S. 126, 136, 24 S.Ct. 49, 48 L.Ed. 121 (1903); Simpson v. United States, 342 F.2d 643, 645–646 (7th Cir. 1965); Bratton v. Sigler, 235 F.Supp. 448, 449 (D.Neb.1964); In re Cohen, 217 F.Supp. 240, 244–245 (E.D.N.Y. 1963); United States v. Litterio, 153 F. Supp. 329, 330 (S.D.Tex.), aff'd per curiam, 244 F.2d 956 (5th Cir.), cert. denied, 355 U.S. 849, 78 S.Ct. 75, 2 L.Ed. 2d 58 (1957).

5. People v. Schwartz, 2 App.Div.2d 632, 151 N.Y.S.2d 973 (3d Dep't 1956), relied upon by petitioner, is in fact distinguishable. There the Appellate Division based its decision upon the fact that "it was the manifest intention of the County Court to treat this defendant and [his co-defendant] * * * together' * * *." Id. at 632, 151 N.Y.S.2d at 974.

6. See old N.Y.Penal Law, §§ 1941(1), 2125 (fifteen to sixty years).

7. Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); McGrady v. Cunningham, 296 F.2d 600, 602–604 (4th Cir. 1961), cert. denied, 369 U.S. 855, 82 S.Ct. 944, 8 L.Ed.2d 14 (1962); United States ex rel. Darrah v. Brierley, 290 F.Supp. 960, 963 (E.D.Pa.1968); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244, 246 n. 1 (S.D.N.Y. 1966); United States ex rel. Murphy v. Denno, 234 F.Supp. 692, 694–695 & n. 10 (S.D.N.Y.1964).

had admitted participating in, two in Queens County, seven in New York County and five in Bronx County, which the court did to the extent of dismissing the Bronx County indictments. The petitioner was afforded a full opportunity to make any statement he desired, which was exercised through his lawyer.[8] "Especially is this conclusion warranted by the fact that the [petitioner] .* * * has raised this claim [seventeen] * * * years after the occurrence."[9]

The petition is dismissed.

---

8. Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). See also United States v. Carminati, 25 F.R.D. 31 (S.D.N.Y.), aff'd sub nom. United States v. Galgano, 281 F.2d 908 (2d Cir. 1960), cert. denied, 366 U.S. 960, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961).

9. Green v. United States, 365 U.S. 301, 305, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961).