**Frank ARMATO, Petitioner,**

v.

**STATE OF NEW YORK, Respondent.**

**No. 81 Civ. 2097.**

United States District Court,
S. D. New York.

Sept. 4, 1981.

Frank Armato, pro se.

Patrick ·Henry, Dist. Atty. of Suffolk County, Riverhead, N. Y., for respondent; Charles M. Newell, Asst. Dist. Atty., Riverhead, N. Y., of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

■ Petitioner following his conviction upon a jury verdict was sentenced to an indeterminate term of imprisonment not to exceed 15 years for criminal sale of a dangerous drug, second degree, and a concurrent one year term for criminal possession of a dangerous drug, second degree. He is presently on parole under the supervision of the New York State Board of Parole.[1] Now, 12 years after the imposition of sentence, he seeks to vacate the judgment of conviction upon a charge of violation of a federal constitutional right.

Petitioner claims that he was denied an opportunity to be heard at the time of sentencing, as required by the then existing § 480 of the New York State Code of Criminal Procedure. Unlike § 380.50 of the current New York Criminal Procedure Law, which is patterned after Rule 32(a)(1) of the Federal Rules of Criminal Procedure, § 480 provided only that the defendant at the time of judgment "must be asked by the Court whether he have any legal cause to show, why judgment should not be pronounced against him."

■ Accepting petitioner's statement that he was not afforded his right of allocu-

---

1. A state prisoner, who has been released and is under the supervision of the state parole board, is in custody of the parole board for purposes of 28 U.S.C. § 2241, and federal habeas corpus relief is available to him, provided, of course, that the other requirements for federal habeas corpus jurisdiction are met. *See Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963); *Gonzalez v. Hammock,* 477 F.Supp. 730, 731 n.1 (S.D.N.Y.1979).

tion,[2] it provides no basis for a collateral attack by writ of habeas corpus. At least, as here, where the defendant was not affirmatively denied an opportunity to speak, and there is no evidence of other aggravating circumstances, the failure of the sentencing judge to ask the defendant who was represented by counsel whether he had anything to say was not an error of constitutional dimensions.[3] Rather than revealing aggravating circumstances, the record indicates that defendant's counsel spoke on defendant's behalf prior to sentencing and urged leniency. Thus the writ is dismissed for lack of substance.

 Entirely apart from dismissal on the merits, petitioner waived his claim by failing to raise it on direct appeal of his conviction.[4] The petitioner on his direct appeal did not present any claim of violation of his right of allocution.[5] Thereafter he applied for coram nobis relief. Under New York law, the violation of a defendant's right of allocution must be raised on direct appeal. Issues, like this one, which appeared in the record of the original proceeding and could have been raised on direct appeal but were not, cannot be raised on state habeas corpus.[6] Similarly, a writ of error coram nobis cannot be invoked.[7] While the Supreme Court, Suffolk County, denied the coram nobis application on substantive as well as procedural grounds, petitioner did not raise the issue as a federal constitutional claim before that court; thus, the state never had an opportunity to pass upon and correct the alleged violation of petitioner's *federal* rights, as is required for federal habeas corpus relief.[8] Since the petitioner under New York law waived his objection by not raising it on direct appeal, he may not now raise the issue by this petition for habeas corpus.[9]

So ordered.

---

**2.** While the stenographic minutes do not show that petitioner was given his right of allocution, the trial clerk's minutes indicate that he was.

**3.** *McGautha v. California,* 402 U.S. 182, 218–19 & n.22, 91 S.Ct. 1454, 1472–1473 & n.22, 28 L.Ed.2d 711 (1971); *Hill v. United States,* 368 U.S. 424, 428–29, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *United States ex rel. Sabella v. Follette,* 432 F.2d 572, 576 (2d Cir.), *cert. denied,* 401 U.S. 920, 91 S.Ct. 905, 27 L.Ed.2d 822 (1970); *United States ex rel. Resseguie v. Follette,* 297 F.Supp. 1103, 1105 (S.D.N.Y.), *cert. denied,* 396 U.S. 971, 90 S.Ct. 459, 24 L.Ed.2d 439 (1969); *United States v. Johnson,* 269 F.Supp. 767, 769 (S.D.N.Y.1967); *United States ex rel. Elksnis v. Gilligan,* 256 F.Supp. 244, 246 n.1 (S.D.N.Y.1966); *United States ex rel. Murphy v. Denno,* 234 F.Supp. 692, 694–95 & n.10 (S.D.N.Y.1964).

**4.** *Cf. Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

**5.** The conviction was affirmed without opinion, 73 A.D.2d 1065; leave to appeal to the Court of Appeals was denied on March 1, 1980.

**6.** *People ex rel. Knox v. Smith,* 60 A.D.2d 789, 400 N.Y.S.2d 656 (1977); *People ex rel. White v. LaVallee,* 47 A.D.2d 982, 367 N.Y.S.2d 122 (1975).

**7.** *People v. Sullivan,* 3 N.Y.2d 196, 165 N.Y. S.2d 6, 144 N.E.2d 6 (1957).

**8.** *See Wainwright v. Sykes, supra,* 433 U.S. at 87, 97 S.Ct. at 2506. *Cf. Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) ("the substance of a federal habeas corpus claim must first be presented to the state courts").

**9.** *See Montgomery v. Fogg,* 479 F.Supp. 363, 367–68 (S.D.N.Y.1979).