769 P.2d 613

**STATE of Idaho, Plaintiff–Respondent,**

v.

**JoAnn ARNOLD, Defendant–Appellant.**

**No. 17559.**

Court of Appeals of Idaho.

March 6, 1989.

Petition for Review Denied June 7, 1989.

Theodore L. Rupp, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

JoAnn Arnold pled guilty in the district court for Kootenai County to lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. She received a unified sentence of ten years, with a three-year minimum period of confinement. I.C. § 19–2513. On appeal, Arnold argues her sentence is excessive. We affirm.

Arnold was convicted of lewd conduct for engaging in mutual cunnilingus with her eleven-year-old daughter in 1987. A presentence investigation (PSI) revealed that Arnold had engaged in a pattern of physical, mental and sexual abuse with the victim—and with Arnold's other daughter—

over a period of several years. At the sentencing hearing, the victim's mental health counselor testified that most of the abuse was the result of mutual conduct by Arnold and her husband, Andy Beamis. *See State v. Beamis*, 115 Idaho 735, 769 P.2d 612 (Ct.App.1989). The counselor further testified that the victim had been forced to participate in oral sex with both Arnold and Beamis, that she had been forced to engage in sexual acts with her sister or with Arnold while Beamis watched, and that she had been forced to have intercourse with Beamis. The counselor also described instances where the victim was forced to endure sexual abuse by other adults and, on at least one occasion, a dog. Further evidence showed that the victim had been beaten by Arnold, and on several occasions confined to her room with no food, water or toilet facilities while Arnold and Beamis left home at night. The counselor stated that, as a result of this treatment, the victim had been severely traumatized and suffered a distinct possibility of becoming psychotic. The counselor stated that the victim would require long-term counseling or even institutionalization for her trauma.

On the other hand, the PSI indicated that Arnold may have been persuaded by Beamis into participation in the various sexual acts. The PSI reveals that Arnold has a low IQ, that she suffers from physical and mental handicaps as the result of a near-fatal automobile accident in 1983, that she has a history of alcohol and substance abuse, and that she has a strong emotional dependence on Beamis. At the sentencing hearing, Arnold's sexual-abuse counselor stated that Arnold was sincerely repentant for the harm she had caused her daughter. The counselor also suggested that he believed Arnold was a candidate for rehabilitation. In addition, the prosecuting attorney stated that he had no objection to the court retaining jurisdiction over Arnold so that she could be evaluated for therapy. However, the PSI did not recommend probation for Arnold.

After considering the testimony and evidence presented, the district court declined to grant Arnold's request for probation or to retain jurisdiction for further evaluation of Arnold's behavior. Instead, the court imposed the ten-year sentence with a three year minimum period of confinement. The judge noted that although Arnold lacked a serious prior criminal history and that Arnold was a victim of both physical and mental handicaps, it was his impression—in considering the various goals of sentencing—that probation would not be appropriate under the circumstances.

On appeal, Arnold argues that the district court abused its sentencing discretion by not adequately considering the mitigating factors in her favor—including her background, her potential for rehabilitation, and her lack of prior criminal activity. Arnold also contends that the Court placed too much emphasis on deterrence when imposing the sentence. Arnold further submits that the district court did not consider the prosecutor's sentencing recommendations. Finally, Arnold contends that her sentence was unduly harsh in light of sentences which have been imposed for similar crimes. *See, e.g., State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968) (aggregate thirty-year sentence, for lewd conduct with minors, reduced on appeal to three concurrent ten-year sentences because the aggregate sentence was unduly harsh).

Our standards of sentence review are well settled. A sentence within the statutory maximum will not be deemed excessive unless the appellant shows that under any reasonable view of the facts, the term of confinement is longer than appears necessary to accomplish the primary objective of protecting society, and achieving the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). When evaluating an exercise of sentencing discretion, we conduct an independent review of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). No abuse of discretion occurs when a sentence is reasonable in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). Furthermore, the ultimate decision on the

length of a sentence is within the district court's discretion; the district court is not bound by the state's sentencing recommendation. *See State v. Rossi,* 105 Idaho 681, 672 P.2d 249 (Ct.App.1983).

In this case, the maximum sentence Arnold could have received for her crime was life imprisonment. Given the nature of the crime involved, we do not consider the sentence imposed to be excessive. In reaching our conclusion we note that, contrary to Arnold's contention, the district court did consider various mitigating factors in Arnold's favor when imposing the sentence. The district court's emphasis on deterring similar sexual behavior in the community was due in large part to the egregious nature of the crime. The district court was not bound—as Arnold suggests—to minimize the seriousness of this offense based solely upon factors mitigating in Arnold's favor. Furthermore, we are unpersuaded by Arnold's argument that her sentence was unduly harsh in comparison to the length of sentences imposed for similar crimes. Our focus on sentence review is upon the nature of the crime and the character of the offender, and not upon equating sentences for similarly-classed crimes. *See State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979).

Finally, we disagree with Arnold's contention that the court failed to consider the prosecutor's recommendation for sentencing. Although the prosecutor recommended that the district court retain jurisdiction over Arnold to provide an opportunity for therapy, the record is quite clear that the prosecutor did not argue that Arnold should be placed on probation. In any event, the district court was not bound to follow any recommendation for sentencing. This decision was solely within its discretion.

We conclude that the sentence in this case is not excessive. Accordingly, the judgment imposing the sentence is affirmed.