770 P.2d 822

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lee R. ELLENWOOD, Defendant–Appellant.**

**No. 17447.**

Court of Appeals of Idaho.

March 15, 1989.

William J. Fitzgerald, Fitzgerald & Sims, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before WALTERS, C.J., SWANSTROM, J., and HART, J., Pro tem.

PER CURIAM.

Lee Ellenwood pled guilty in the district court for Nez Perce County to attempted

robbery and to first degree burglary. I.C. §§ 18–6501, –306, –204; I.C. §§ 18–1401, –1402, –1404. He received a unified sentence of fourteen years, with a minimum period of confinement of ten years, for the attempted robbery charge, and an identical concurrent sentence for the first degree burglary charge. I.C. § 19–2513. In this appeal, Ellenwood argues that the sentences imposed by the district court are excessive. We affirm.

Ellenwood's convictions were the result of a holdup attempt which occurred at a convenience store in Lewiston on June 19, 1987. Late on the evening in question, Ellenwood and Juan Sanchez entered the convenience store, approached the night clerk, and Ellenwood apparently told the clerk to let him "see how much money you got in your God-damned till." A witness, who was in the store when Ellenwood and Sanchez entered but who left before the holdup attempt had occurred, later stated that Ellenwood was armed when he approached the clerk. The clerk replied that she had no money. Ellenwood and Sanchez then left the store. Later that evening, in an unrelated incident, Sanchez shot and wounded a store clerk in an aborted robbery attempt at another convenience store. *See State v. Sanchez,* 115 Idaho 394, 766 P.2d 1275 (Ct.App.1988). Ellenwood was not charged in the later robbery attempt. In imposing Ellenwood's fourteen-year sentences, the trial judge stated:

> This is the only way that I can assure myself and assure society that you will not commit any more serious crimes. Any lesser sentence will depreciate the seriousness of this particular offense.

> I will point out that I believe also that it is very important that the sentence I impose in this case be such as to deter other individuals from similar conduct.

> Every lady who works at any gas station or any convenience store for $3.10 an hour or whatever it is that they give these young—or people ‘as minimum wage—every person who works nights as a second job or works at a gas station, they do so because they cannot get anything else and they do so because they want to be a productive part of society,

and they do so because they are out there working trying to support their family. I can guarantee that they all live in constant fear of a bunch of guys coming in there, drunk, and holding them up. . . .

> The point of all of that is that I believe this particular sentence that I will impose in this case will, in fact, deter others from committing similar offenses. The crime in question, fortunately, did not end up with someone being shot. Although, as we know, it very well could have. Your type of conduct does, in fact, result—that type of conduct does, in fact, result in police being called to the scene. It results in by-standers trying to step in and prevent the robbery. That type of conduct that you did engage in quite frequently leads to violence and injury and/or death. But, for the grace of God, that did not happen at the Shell station that night. It had very little to do with your conduct.

> I do look at this particular offense as being one of violence. Any time that you walk up to someone at a convenience store at that particular time of night and threaten them or threaten—if you use a threatening tone in your voice and ask for their money, that is violence. That is a violent crime, and it deserves to be appropriately punished.

On appeal, Ellenwood first contends that the trial judge abused his discretion because the sentences imposed were disproportionate to the crimes committed. Ellenwood submits that, during the robbery attempt, there was no harm done to anyone at the convenience store and no property was taken. Furthermore, Ellenwood argues that the trial judge may have improperly based his sentencing decision in the present case upon the facts and circumstances surrounding the attempted holdup and shooting by Sanchez at the second convenience store. Ellenwood also maintains that, because of his advanced age (51), because he is an alcoholic and because he had successfully been paroled for a past violation, a lesser sentence would serve as

a sufficient deterrent to prevent him from committing any further crimes.

Our standards of sentence review are well settled. A sentence within the statutory maximum will not be deemed excessive unless the term of confinement is longer than appears necessary to accomplish the primary objectives of protecting society, and achieving the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). When evaluating an exercise of sentencing discretion, we conduct an independent review of the record; we focus upon the nature of the offense, the character of the offender, and protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). No abuse of discretion occurs when a sentence is reasonable in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). Furthermore, a disparity of sentences between different defendants for similar crimes does not constitute excessiveness of sentence to any particular defendant because of the individual nature of each case. *See State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979).

Initially, we note that Ellenwood's sentences are greater than some sentences that have been imposed upon other defendants for similar crimes in different circumstances. *See e.g., Almada v. State,* 108 Idaho 221, 697 P.2d 1235 (Ct.App.1985) (ten-year indeterminate sentence for attempted robbery); *State v. Marquess,* 115 Idaho 136, 765 P.2d 161 (Ct.App.1988) (six-year indeterminate sentence for first degree burglary). However, we also note that the sentences received by Ellenwood were within the statutory maximums established by law. (One-half of life sentence for attempted robbery, I.C. § 18–306, *see State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980); fifteen years for first degree burglary, I.C. § 18–1403).

Given the circumstances surrounding the holdup attempt, we do not consider Ellenwood's sentences excessive. *See State v. Seifart, supra.* The record reveals that Ellenwood and Sanchez entered the convenience store late at night, carrying a firearm. By his own admission, Ellenwood had been drinking heavily prior to the holdup attempt. The men waited until there were no customers in the store, then locked the door so that no one could enter or leave. They then approached the night clerk and demanded money. When the clerk refused their demand, the two men—perhaps bewildered by the clerk's refusal—decided to leave. Based upon these events, we agree with the trial judge's conclusion that, although no one was harmed in the holdup, it is just as likely that someone could have been injured or killed. Furthermore, we also agree that it was within the trial judge's discretion to impose a sentence that would discourage others from committing similar crimes. Although Ellenwood argues that the trial judge improperly based his sentencing decision on the later holdup involving Sanchez, nothing in the record suggests that the trial judge considered any information outside the present record in reaching his sentencing determination.

We also are unpersuaded by Ellenwood's argument that, given his age, alcoholism and prior parole record, a lesser sentence is warranted. Ellenwood's presentence report indicates a prior record extending over thirty years, including convictions for larceny, robbery and burglary. Many of his convictions are the result of an alcohol problem spanning the same time period. The presentence report indicates that Ellenwood's drinking behavior has been unchanged by past supervised probation, short-term incarceration or treatment. The report recommends incarceration as a means of treating Ellenwood's alcohol problem. Furthermore, Ellenwood has not addressed why his age is significant to the length of his sentence. Finally, we note that although Ellenwood was successfully paroled in 1964, he has since committed numerous crimes, including several felonies. Given these factors, we conclude the trial judge did not abuse his discretion in imposing Ellenwood's sentences. The judgment of conviction is therefore affirmed.