798 P.2d 469

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sean Patrick CAMBRON, Defendant–Appellant.**

**No. 18182.**

Court of Appeals of Idaho.

Sept. 27, 1990.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy, argued, Boise, for appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., argued, Boise, for respondent.

SILAK, Judge.

In this appeal we are asked to review the sentence imposed upon Sean Patrick Cambron who pled guilty to first degree murder (felony murder) committed in connection with his attempted robbery of a convenience store. The district court sentenced Cambron to life in prison with a minimum period of confinement of twenty-five years. Cambron appeals from the judgment of conviction, arguing that the sentence is excessive. For the reasons stated below, we affirm.

On the night of November 30, 1988, Cambron entered a convenience store in Boise, Idaho, carrying a .32 caliber handgun and intending to commit a robbery. Cheryl Lynn Hanrahan was working as a clerk in the store that night and was shot in the head by Cambron during the robbery attempt. The 22–year old Hanrahan died the next day. Although Cambron admitted pointing the gun at Hanrahan, he claimed it discharged accidentally. Cambron later pled guilty to felony murder pursuant to a plea agreement in which the state dismissed related charges against him and agreed not to seek imposition of the death penalty.

In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing judge imposed a minimum period of confinement of twenty-five years, which we regard as the probable measure of confinement for the purpose of reviewing the sentence. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). The maximum sentence for first degree murder is the death penalty; the minimum sentence is indeterminate life with a period of at least ten years incarceration before parole. I.C. § 18–4004.

This court has held that a sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

■ To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra.* A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■ Cambron urges this Court to reduce the fixed portion of his sentence from

twenty-five years to the statutory minimum of ten years, contending that twenty-five years is longer than reasonably necessary to meet Idaho's four sentencing goals. He asks us to compare his sentence for felony murder to lesser sentences which have been imposed in second degree murder cases involving intentional killings. As to retribution, Cambron argues that the sentence is excessive because he did not form the specific intent to kill Hanrahan. Cambron also argues that the fixed minimum of twenty-five years has no significant deterrent value, does not truly protect society, and does not provide an opportunity for rehabilitation.

▮ We reject the suggestion made by Cambron to find that the sentence imposed upon him was excessive when compared with sentences in second degree murder cases. The cases reviewing second degree murder sentences cited by Cambron are readily distinguishable. These cases all involve sentences imposed prior to implementation of the Unified Sentencing Act of 1986. Further, a critical distinction is that Cambron pled guilty to first degree murder, not second degree. But fundamentally, our focus in reviewing this or any sentence is upon the nature of this crime and the character of Cambron, and not upon equating sentences for the same or different classes of crimes. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979); *State v. Arnold*, 115 Idaho 736, 769 P.2d 613 (Ct. App.1989) (review denied); *State v. Ellenwood*, 115 Idaho 813, 770 P.2d 822 (Ct.App. 1989); *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983).

▮ As to the contention that Cambron's shooting of the victim was accidental, the sentencing judge found at the time she accepted Cambron's plea that the elements of felony murder were present. The judge did not need to find that Cambron formed the specific intent to kill Hanrahan. The element of intent and the crime of felony murder were addressed recently by the Idaho Supreme Court in *State v. Lankford*, 113 Idaho 688, 747 P.2d 710 (1987), *vacated on other grounds*, 486 U.S. 1051, 108 S.Ct. 2815, 100 L.Ed.2d 917 (1988):

Murder committed during the course of a robbery is, by definition, murder in the first degree. I.C. § 18–4003. Proof that the murder occurred during the commission of a robbery merely is a substitute for specific proof of premeditation on the theory that one who prepares for a robbery by making arrangements to use deadly force is guilty of acts as culpable as, and probably comprising, premeditation. [Citation omitted.]

113 Idaho at 695, 747 P.2d at 717. Thus, the circumstances of the shooting during an attempted robbery provided the requisite "intent" for felony murder.

There was conflicting evidence as to whether the shooting was accidental. Cambron admitted pointing the gun at the victim, but stated that it fired accidentally when he became startled by a noise. The state produced evidence that the gun used by Cambron would not discharge without the exertion of five pounds of pressure on the trigger. There was also evidence that the defendant had discharged this gun before—on the day of the robbery. The sentencing judge did not make a specific finding, nor was she required to, as to whether the shooting was accidental. It is clear, however, that the district judge considered the circumstances of the crime in her sentencing decision, for she commented, "A panicked, inebriated 18 year-old heard a noise and discharged a gun...."

The transcript of the sentencing hearing reflects that the district judge properly considered the sentencing goals and placed primary emphasis on the goal of protecting society. The defendant, in the view of the district judge, presented a risk of reoffense, and at this stage in his life also presented a risk of physical harm to other persons. The judge stated that "... [Cambron's] willingness to place others at risk for his own gain presents a clear and present danger to society." The district judge also gave proper consideration to the goal of deterrence in pronouncing sentence. She professed a belief that "a heavy penalty is necessary to deter the defendant and ... to deter anyone in a similar situation."

The purpose of punishing the defendant for his conduct was also considered.

With regard to the goal of rehabilitation, the district judge, from her review of the presentence report, the defendant's criminal record, and other available information, concluded that with adequate motivation Cambron could possibly be rehabilitated. The court appropriately considered Cambron's individual character and background before imposing sentence. The judge noted that Cambron's juvenile record included thefts, two incidents of battery, forgery, and vandalism. She also commented extensively on his tragic childhood of almost daily physical and mental abuse. These factors led the judge to conclude that Cambron might have hope of eventual rehabilitation, but that a lengthy term of incarceration was warranted.

In summary, the district judge properly considered the goals of sentencing as summarized in *State v. Toohill, supra.* The sentence imposed is not unreasonable under the particular facts presented, and accordingly the district judge did not abuse her discretion. The judgment imposing the sentence is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.