847 P.2d 265

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Henry William SMITH, Jr.,
Defendant–Appellant.**

Nos. 19437, 19440.

Court of Appeals of Idaho.

Jan. 4, 1993.

Rehearing Denied Feb. 23, 1993.

Fuller Law Offices, Timothy J. Williams, Twin Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

These appeals, consolidated for disposition, involve issues relating to the sentencing of the appellant, Henry William Smith, Jr., in two criminal cases. He was convicted of lewd conduct with a minor, I.C. § 18–1508, in case no. 19437 and of rape, I.C. § 18–6101, in case no. 19440. Smith received indeterminate sentences of twenty-five years on each charge, to be served concurrently.[1] He challenges the decision of the district court not to grant him probation on the sentences and he contends that the length of the sentences constituted an abuse of discretion, meriting a reduction in the term of each sentence. We conclude no error occurred and we affirm.

---

1. Because each of these offenses occurred prior to the effective date of the Unified Sentencing Act, I.C. § 19–2513, no minimum term of confinement ultimately was ordered as part of either of the sentences.

We will begin our analysis with a recitation of the procedural history of these cases. Smith was found guilty by a jury in 1987 of lewd conduct with a minor, his ten-year-old daughter. The district court imposed sentence but retained jurisdiction under I.C. § 19–2601(4). The judgment of conviction, including the sentence, and the order for retention of jurisdiction were stayed pending an appeal. On January 31, 1990, the Idaho Supreme Court affirmed the proceedings in the district court. *State v. Smith*, 117 Idaho 225, 786 P.2d 1127 (1990).[2] While that appeal was pending, Smith was convicted in the State of Washington for an assault upon another, adult daughter[3] and was sentenced to a year in jail. He completed this jail sentence in July, 1990.

On August 27, 1990, Smith commenced serving his sentence on the lewd conduct charge, subject to the order retaining jurisdiction. In the meantime, Smith also had been charged in September, 1989, with four counts of statutory rape, alleged to have occurred in 1986, involving the same daughter he had assaulted later in Washington. In December, 1990, pursuant to a plea agreement, Smith pled guilty to one count of rape and the other counts were dismissed. Following acceptance by the court of his plea of guilty to the rape charge, a presentence report was prepared, revealing a lengthy history of child molestation and sexual abuse by Smith of his female children and other young females who had resided in his home. This report

was submitted on January 23, 1991. It recommended the imposition of a prison sentence. On February 8, 1991, the court received the report from the jurisdictional review committee in the lewd conduct case. The committee recommended probation on that offense.

On May 17, 1991, the court held a combined hearing on the issues of retained jurisdiction in the lewd conduct case and to consider an appropriate disposition on the rape conviction. At the conclusion of the hearing, the court decided to relinquish jurisdiction in the lewd conduct case.[4] The court also imposed a twenty-five year sentence in the rape case, with a minimum period of confinement of fifteen years, to be served concurrently with the twenty-five year indeterminate sentence imposed earlier on the lewd conduct conviction.

On May 21, 1991, Smith filed a motion pursuant to I.C.R. 35 seeking reconsideration of his sentence in the lewd conduct case. Then, on July 10, he filed notices of appeal in both cases and, on October 24, 1991, filed a Rule 35 motion seeking resentencing in the rape case. The appellate proceedings were then suspended, pending determination of the motions to reduce or to reconsider his sentences.

A hearing on the Rule 35 motions was held on October 31, 1991. At this hearing, the court noted that the minimum confinement portion of the rape sentence was illegal because the crime had occurred prior to

---

**2.** Neither the reasonableness of Smith's sentence nor the propriety of the district court's order retaining jurisdiction were addressed as issues in the opinion by the Supreme Court in that appeal. Under the circumstances, we conclude that the reasonableness of Smith's sentence for the lewd conduct conviction is not now subject to direct appellate review because Smith either failed to raise the question of the reasonableness of his sentence as an issue in the appeal from the judgment of conviction or he failed to petition the Court for a rehearing, if he did raise the issue but it was not addressed by the Court. *See, e.g., State v. Searcy*, 120 Idaho 882, 820 P.2d 1239 (Ct.App.1991) (issues which could have been, but were not, raised in an earlier appeal will not be entertained on a subsequent appeal in the same action).

**3.** According to the testimony of the daughter presented at trial in the Washington case, this

assault was of a sexual nature; Smith had attempted to insert his hands beneath a towel worn by his daughter, to feel her body, after she had finished taking a shower.

**4.** In its argument on this appeal, the state notes that the period of retained jurisdiction in the lewd conduct case would have expired by its own terms in February, 1991. However, the record shows that the parties and the court clearly intended to dispose of both cases at a subsequent hearing (ultimately held on May 17, 1991) and that, for purposes of appellate review, Smith's motion for reduction of the lewd conduct sentence, timely filed on May 21, 1991, preserved the question of whether the court should have granted probation on that case. *See* I.C.R. 35.

the effective date of the Unified Sentencing Act. The court modified the sentence to an indeterminate twenty-five year period. The court refused to further reduce the sentence and also denied the motion for reduction of the sentence in the lewd conduct case. On December 11, 1991, Smith filed notices of appeal from the court's denial of his motions for reduction of the sentences. As noted, all of the appeals have been consolidated for disposition in this proceeding.

In proper context, the issues raised by Smith in these appeals are: (1) whether the court erred by not granting probation to Smith, either at the time jurisdiction was relinquished in the lewd conduct case and at the time sentence was pronounced in the rape case, on May 17, 1991, or at the time the court denied reduction of the sentences following the hearing on October 31, 1991; and (2) whether either of the two twenty-five year indeterminate sentences should have been reduced pursuant to Smith's Rule 35 requests. All of the issues raised by Smith are reviewed on appeal under an abuse of discretion standard. I.C. § 19–2521; *See, e.g., State v. Snow,* 120 Idaho 277, 815 P.2d 475 (Ct.App.1991) (refusal to grant probation); *State v. Morrison,* 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991) (denial of motion to reduce sentence); *State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App. 1990) (order relinquishing jurisdiction). Under that standard, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989).

Smith testified at the May 17, 1991, hearing. He admitted that he had sexually molested his ten-year-old daughter as determined in the lewd conduct case. He also admitted molesting an eleven-year-old stepdaughter and another teen-age girl who had lived with Smith and his wife as a foster child. With respect to the rape case, Smith testified that he had committed numerous sexual acts, including intercourse, over a period of several years with the victim in that case until she left the family home at about age seventeen. One of the instances of sexual intercourse with the rape victim resulted in pregnancy and an abortion. Smith related that he had committed perjury on at least three prior occasions when he testified in court that he had had no sexual contact with any of the children involved in these cases. At the time of the hearing in May, 1991, Smith was forty-four years old.

Following the hearing on May 17, 1991, the court articulated its reasons for relinquishing jurisdiction in the lewd conduct case, in imposing the sentence in the rape case and for denying probation in both cases. The judge reviewed the presentence reports prepared for both cases, with corrections brought to his attention during the hearing. He considered the report from the jurisdictional review committee, the testimony presented at the hearing and the testimony presented earlier at the sentencing proceeding on the lewd conduct charge.

The court prefaced its decision in these cases with reference to the relevant factors for reaching sentence determinations: the protection of society, rehabilitation, deterrence and retribution. The judge noted that Smith had no prior felony record and had received a recommendation for probation on the lewd conduct charge from the Board of Correction. However, the judge recognized the ages and number of victims involved with Smith, the physical and psychological effects on the victims, Smith's admissions of perjury, and the possibility of repetition of Smith's sexually abusive conduct with other victims in the future. The court concluded that the protection of society necessitated a sentence in a penitentiary, that a lesser sentence would depreciate the seriousness of the charges, and that such a sentence was important to deter the defendant and other members of society from engaging in similar conduct. In summary, the judge determined that rehabilitation through a program of probation was outweighed by the other goals and objec-

tives essential to arriving at proper disposition of the cases. Accordingly, the court relinquished jurisdiction in the lewd conduct case, imposed a twenty-five year sentence in the rape case to be served concurrently with the sentence in the lewd conduct case, and denied probation in both cases.

■ After reviewing the record and the arguments made in this appeal, we uphold the court's exercise of its discretion in deciding to relinquish jurisdiction in the lewd conduct case and to deny probation in both cases. The decision whether to place a defendant on probation as a form of sentencing disposition is committed to the sound discretion of the sentencing court. *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973). The exercise of this discretion is guided by I.C. § 19–2521, which prescribes criteria for weighing probation against a sentence of confinement. A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with those standards. *State v. Toohill,* 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982).

■ Smith argues that the recommendation by the jurisdictional review committee to afford him a probation program, based upon the performance and attitude he displayed while in the custody of the Board of Correction during the period of retained jurisdiction on the lewd conduct charge, should have been given greater weight by the court in reaching its decision. We are not persuaded that the court's approach—in light of the other circumstances of Smith's criminal behavior—demonstrates an abuse of discretion. The court clearly was concerned with the risk of re-offense by Smith, measured against the sentencing objective of protecting society. Idaho Code § 19–2521, cited by the court in its comments upon denying probation to Smith, provides that the court may order confinement if:

having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, [the court] is of the opinion that impris-

onment is appropriate for the protection of the public because:

(a) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

We have noted previously that the purpose of the evaluation report from the jurisdictional review committee while a defendant is in the custody of the Board of Correction under the retained jurisdiction program is to provide the court with insight into the defendant's condition and potential for rehabilitation. *State v. Landreth,* 118 Idaho 613, 798 P.2d 458 (Ct.App. 1990). Although a good report indicating rehabilitative potential may result in a suspended sentence and probation, the sentencing court's alternatives upon receiving a favorable report are not necessarily limited to suspending the sentence and granting probation. *State v. Toohill, supra.* Even though the resulting recommendation may have a significant bearing on the sentencing court's decision, it is purely advisory and is not binding upon the court. *State v. Landreth, supra.* We conclude, under the appropriate standards of review, that the district court did not abuse its discretion when it decided to relinquish jurisdiction on the lewd conduct offense and when it imposed the sentence for the rape conviction, without granting probation to Smith on either charge.

We turn next to the court's decision denying relief to Smith on his motions to reduce the sentences. At the outset, we note the court was authorized to impose a life sentence for Smith's convictions on each of these crimes, I.C. §§ 18–1508, 18–6104, and that Smith does not claim the twenty-five year indeterminate periods imposed by the court exceeded the court's authority.

Idaho Criminal Rule 35 permits the sentencing court, in the exercise of its discretion, to grant leniency by reducing the term of a sentence. *State v. Ward,* 120 Idaho 182, 814 P.2d 442 (Ct.App.1991). On appeal, we review not only the information presented in support of the Rule 35 motion, but also the record of the original sentenc-

ing, if such a record is presented to us. *State v. Buzzard*, 114 Idaho 384, 757 P.2d 247 (Ct.App.1988). We conduct an independent examination of this record, having regard to the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 651 P.2d 527 (1982); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

■ We consider a term of confinement reasonable to the extent that it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation and retribution. *State v. Toohill, supra.* In deference to the discretionary authority vested in the trial courts, the appellate court will not substitute its view for that of a sentencing judge where reasonable minds might differ; the appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the established sentencing criteria, in order to justify a determination that the sentencing court abused its discretion in refusing to grant the requested leniency. *Id.* at 568, 650 P.2d at 710. For indeterminate sentences as were imposed on Smith in these cases under the operative law prior to the enactment of the Unified Sentencing Act, we will deem one-third of the sentence to be the appropriate measure of the term of confinement for the purpose of appellate review. *Id.* at 569, 650 P.2d at 711. Therefore, the concurrent, indeterminate twenty-five year sentences imposed in these cases should be considered as representing a term of confinement of eight and one-third years.

■ We do not find that this term is excessive under the facts of these cases, as outlined above. Smith suggests that we should compare his sentences with those received by defendants in other cases involving similar crimes. We decline to engage in that exercise. It is well settled that not every offense in like category calls for identical punishment; there may properly be a variation in sentences between different offenders, depending on the circumstances of the crime and the character of the defendant in his or her individual case. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979); *State v. Cambron*, 118 Idaho 624, 798 P.2d 469 (Ct.App.1990); *State v. Arnold*, 115 Idaho 736, 769 P.2d 613 (Ct.App.1989); *State v. Puga*, 111 Idaho 874, 728 P.2d 398 (Ct.App.1986). Consequently, we hold that the sentences imposed by the court were reasonable and that the district court did not abuse its discretion in subsequently refusing to reduce the sentences.

Accordingly, the order relinquishing jurisdiction and denying the appellant's motion for reduction of his sentence in case no. 19437, and the judgment of conviction together with the sentence imposed and the order denying appellant's motion for reduction of the sentence in case no. 19440, are affirmed.

SWANSTROM and SILAK, JJ., concur.