**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37653**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 732 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 6, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES WILLIAM SMITH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Fred M. Gibler, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

Before LANSING, Chief Judge; GUTIERREZ, Judge; and GRATTON, Judge

PER CURIAM

Charles William Smith pled guilty to felony injury to a child. I.C. § 18-1501(1). In exchange for this guilty plea, an additional charge was dismissed. The district court sentenced Smith to a determinate term of ten years. Smith filed an I.C.R. 35 motion, which the district court denied. Smith appeals.

Initially, we note that a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in

light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

On appeal, Smith argues that the district court abused its discretion in denying his Rule 35 motion. Smith contends that a determinate ten-year term is unduly harsh because a co-defendant received a lesser period of incarceration and both were equally culpable. However, this Court will not engage in an exercise of comparative sentencing. *State v. McFarland*, 130 Idaho 358, 365, 941 P.2d 330, 337 (Ct. App. 1997); *State v. Pederson*, 124 Idaho 179, 183, 857 P.2d 658, 662 (Ct. App. 1993); *State v. Smith*, 123 Idaho 290, 294, 847 P.2d 265, 269 (Ct. App. 1993). "It is well settled that not every offense in like category calls for identical punishment; there may properly be a variation in sentences between different offenders, depending on the circumstances of the crime and the character of the defendant in his or her individual case." *Pederson*, 124 Idaho at 183, 857 P.2d at 662. Thus, we decline Smith's invitation to conduct a comparative review of his sentence.

Smith also contends that a ten-year determinate term is unduly harsh, arguing that the maximum sentence means that the district court did not give any weight to any of the mitigating factors and that the new information he presented in support of his Rule 35 warranted a reduction of his sentence. Upon review of the record, including the new information submitted with Smith's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Smith's Rule 35 motion is affirmed.