**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40717 & 41144**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 771 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TYRICK TREY BELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction and unified life sentence, with a minimum period of confinement of ten years, for robbery, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Tyrick Trey Bell pled guilty to robbery. I.C. §§ 18-6501 & 18-6502. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Bell to unified life sentence, with a minimum period of confinement of ten years. Bell filed an I.C.R 35 motion, which the district court denied. Bell appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103

1

Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Bell argues that the district court abused its discretion and asserts that his sentence is unduly harsh in light of his age and lack of a criminal record. Bell also asserts that other defendants with similar backgrounds and criminal records have received lesser sentences and that, therefore, his sentence is excessive. *See State v. Dunnagan*, 101 Idaho 125, 609 P.2d 657 (1980); *State v. Justice*, 152 Idaho 48, 266 P.1153 (Ct. App. 2011). However, this Court will not engage in an exercise of comparative sentencing. *State v. McFarland*, 130 Idaho 358, 365, 941 P.2d 330, 337 (Ct. App. 1997); *State v. Pederson*, 124 Idaho 179, 183, 857 P.2d 658, 662 (Ct. App. 1993); *State v. Smith*, 123 Idaho 290, 294, 847 P.2d 265, 269 (Ct. App. 1993). It is well settled that not every offense in like category calls for identical punishment; there may properly be a variation in sentences between different offenders, depending on the circumstances of the crime and the character of the defendant in his or her individual case. *Pederson*, 124 Idaho at 183, 857 P.2d at 662. Thus, we decline Bell's invitation to conduct a comparative review of his sentence. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Bell's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Bell's judgment of conviction and sentence, and the district court's order denying Bell's Rule 35 motion, are affirmed.