# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50160

STEVEN KENNETH BOWMAN,       )
)  Filed: June 20, 2024
       Petitioner-Appellant,       )
)  Melanie Gagnepain, Clerk
v.       )
)  THIS IS AN UNPUBLISHED
STATE OF IDAHO,       )  OPINION AND SHALL NOT
)  BE CITED AS AUTHORITY
       Respondent.       )
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Steven Kenneth Bowman appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In Bowman's underlying criminal case, he was charged with aggravated battery. I.C. §§ 18-903(a), 18-907, 18-204, and 19-2520F. His case was initially consolidated with that of a codefendant. The information filed April 27, 2017, alleged that Bowman caused great bodily harm to another with a razor blade or similar weapon while housed at a correctional facility. A preliminary hearing was set for June 8, 2017; was reset for June 28, 2017; and was finally held on July 25, 2017. Bowman was bound over to the district court. Initially, Bowman and his codefendant were represented by the public defender's office. After the preliminary hearing, conflict counsel was appointed to represent Bowman. Bowman waived a formal reading of the

charge, pled not guilty, and was informed of the possible consequences if a jury found him guilty of the alleged offense. Thereafter, the State filed an Information Part II alleging Bowman to be a persistent violator of the law. I.C. § 19-2514.

Bowman's case proceeded to a trial, and he was found guilty of aggravated battery and admitted to being a persistent violator. The trial court sentenced Bowman to a unified term of thirty years, with a minimum period of confinement of twelve years, to run consecutively to his other sentences. The judgment of conviction was affirmed by this Court in an unpublished opinion. *See State v. Bowman*, Docket No. 46332 (Ct. App. Dec. 4, 2019).

Bowman filed a pro se petition for post-conviction relief[1] and counsel was appointed. Based on stipulation of the parties and the new appointment of counsel, Bowman filed an amended petition for post-conviction relief alleging several instances of ineffective assistance of counsel. The State filed a motion for summary dismissal, to which Bowman filed an objection. The district court held a hearing and granted the State's motion for summary dismissal. Bowman appeals.[2]

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain

---

[1]    Bowman actually filed a document entitled "Motion of Notice Seeking Post-Conviction Relief." The district court did not treat this document as a petition, but the State filed responsive pleadings and the matter proceeded on an amended petition after counsel was appointed for Bowman.

[2]    Bowman's opening brief does not comply with I.A.R 35 which requires that a concise statement of the facts in the "statement of the case" section of the brief be included. Bowman instead added facts to individual analysis sections.

2

statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when

the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

**III.**

**ANALYSIS**

Bowman presents three issues on appeal, arguing that the district court erred in dismissing his ineffective assistance of counsel claims. Specifically, Bowman argues that his preliminary hearing attorney was ineffective for informing Bowman of a plea offer from the State only five minutes before the preliminary hearing, which offer would be withdrawn if the case proceeded to a hearing; that his preliminary hearing attorney was ineffective for failing to inform Bowman that the State would file a persistent violator allegation (Information Part II) if he did not accept the offer; and, that his trial counsel was ineffective for advising him to proceed to trial based on trial counsel's erroneous understanding of applicable law and failing to explain to Bowman the consequences of pleading guilty to the Information Part II.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578,

4

580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008).

## A.     Plea Offer

Bowman argues that his preliminary hearing attorney was ineffective for failing to consult with Bowman regarding a plea offer from the State until five minutes before his preliminary hearing. He argues this prejudiced him because, if he had more time to consider the plea offer from the State, he would have agreed to plead guilty prior to the preliminary hearing and received a lesser sentence. In support of his argument, Bowman compares his sentence with that of his codefendant who pled guilty and received a lesser sentence than Bowman. Bowman argues that, if he had agreed to plead guilty prior to the preliminary hearing, his sentence would be more like that of his codefendant. The district court dismissed this claim for Bowman's failure to present any admissible evidence that his preliminary hearing attorney failed to present the offer to Bowman and to explain the offer would be revoked if not accepted before the case proceeded to the preliminary hearing.

Bowman relies on the United States Supreme Court's statement of the general rule that defense counsel fails to render effective assistance when counsel does not allow the defendant to consider a plea agreement offered by the prosecution. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding that defense counsel rendered deficient performance by failing to consult with the

5

defendant regarding the State's offers before their expiration over a month after they were proffered to defense counsel). Bowman also relies on Idaho Rule of Professional Conduct 1.4(a) that provides an attorney must "promptly inform the client of any decision or circumstance with respect to which the client's informed consent" is required. Bowman also references the commentary to that rule which provides that an attorney who receives a proffered plea bargain in a criminal case must promptly inform the client of its substance. Bowman argues that his preliminary hearing attorney's performance was deficient under *Frye* because the plea offer was not relayed to him until five minutes before it expired, thereby making him unable to consider it before the hearing at which point the offer expired if it was not accepted. Additionally, Bowman argues that, because he believes the plea offer was communicated to his preliminary hearing attorney well before the preliminary hearing, his preliminary hearing attorney violated the Idaho Rules of Professional Conduct by not promptly informing Bowman of the plea offer.

The State argues that, because the record does not reflect when the State presented Bowman's preliminary hearing attorney with the plea offer, there was no evidence from which to conclude that Bowman's preliminary hearing attorney acted unreasonably by communicating the offer to Bowman five minutes before the preliminary hearing. Further, the State argues that many of Bowman's arguments are speculative: whether the State would have filed the persistent violator enhancement before Bowman entered his plea if he accepted the plea offer, whether the trial court would have accepted the offer, or whether Bowman would have accepted the offer if given more time before the preliminary hearing. We agree that Bowman failed to present sufficient evidence to survive summary dismissal of his claim.

To avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must sufficiently allege facts under both prongs of the *Strickland* test. *Roman*, 125 Idaho at 649, 873 P.2d at 903. Facts must be in the form of competent, admissible evidence; bare assertions and speculation, unsupported by the facts, are insufficient. *Id*. Bowman's case is distinguishable from *Frye*, on which he relies, regarding timeliness because the defendant in *Frye* was never notified of any plea offers from the State before the offers expired. Bowman, however, concedes that he was notified of the offers before the preliminary hearing. Further, Bowman failed to provide more than unsupported speculative assertions regarding the time his preliminary hearing attorney received the State's plea offer.

6

Bowman fails to cite the record or transcript indicating when his preliminary hearing attorney was tendered the plea offer from the State. Rather, Bowman only concludes that, considering there were three months between the charging date and the preliminary hearing date, it is a reasonable inference that the offer was tendered well before the day of the preliminary hearing. He asserts that a further reasonable inference would be that the State made the offer before the original preliminary hearing date--June 8. Bowman's arguments are speculative. It is just as probable that the State proffered the plea agreement to preliminary hearing counsel immediately preceding the moment Bowman was notified of the plea offer. We cannot presume deficient performance based on Bowman's speculative assertions.

Furthermore, Bowman has not shown prejudice caused by the disclosure of the plea offer prior to its withdrawal. The Supreme Court in *Frye* held that prejudice must be shown by a reasonable probability that had the plea offer been accepted by the defendant, the State would not have changed the offer, and the trial court would not have rejected the offer. *Frye*, 566 U.S. at 147. The Supreme Court held that the defendant later pleading guilty to a less favorable outcome demonstrated a reasonable probability that he would have accepted the offers that were not relayed to him. However, Bowman did not plead guilty but, rather, proceeded to trial. Bowman asks this Court to speculate that he would have accepted the offer prior to the preliminary hearing if he were able to consider the offer longer, but there is no evidence that the State would have given him more time to consider the offer. Bowman has not alleged competent facts and admissible evidence to satisfy his burden under *Roman*.[3]

## B.      Persistent Violator Enhancement (Information Part II)

Bowman argues that his preliminary hearing attorney's failure to inform Bowman of the possibility of the State filing the persistent violator enhancement was deficient performance. Bowman supports this argument by concluding that, if he knew at the time of entering a not guilty

---

[3]      We note that Bowman could have pled guilty at any time had he wished to do so. Expiration of the State's offer would not prevent Bowman from pursuing the same or a similar resolution prior to trial.

7

plea[4] that the State would have filed the persistent violator enhancement, he would not have proceeded to trial but would have pled guilty. Bowman argues that he was prejudiced by being sentenced to thirty years (for aggravated battery with the persistent violator enhancement) rather than the maximum sentence for aggravated battery--fifteen years. He argues that "counsel would have been aware" that Bowman "had six prior felonies" and that he "would have followed the path of his co-defendant" and received less determinate time. Bowman asserts that the State regularly presents plea offers to defendants at the preliminary hearing stage so that, if accepted, the State will not have to subpoena witnesses and prepare for trial. Conversely, Bowman asserts that if the defendant does not agree to the plea offer then the State will file a persistent violator enhancement.

Bowman's argument would require us to speculate that his preliminary hearing attorney knew the State would file the persistent violator enhancement several months later, and that Bowman would have accepted the State's offer if he knew of this possibility. Not only is this assertion speculative, it is also contradicted by the available evidence. Bowman has failed to show a reasonable probability that, had he known about the possibility of the State filing the enhancement, he would have agreed to waive the preliminary hearing and plead guilty and would have received a lesser sentence.

Bowman also argues that his trial counsel's performance was deficient because Bowman was not formally arraigned on the persistent violator enhancement and that if he had been arraigned, he would have pled guilty to the substantive charge and the enhancement and that there is a reasonable probability he would have received a lesser sentence for taking responsibility. The district court found, and the State does not dispute, that there is no evidence that Bowman was formally arraigned on the persistent violator enhancement. However, it is clear from the transcript that Bowman understood the possible sentencing outcomes before he admitted to the enhancement. Prior to admitting to being a persistent violator, Bowman was informed by the trial court of the minimum sentence of five years if he was convicted and the maximum term of life imprisonment

---

[4]     Bowman's preliminary hearing attorney was not representing him when he entered a not guilty plea. It appears that this part of Bowman's argument relates to his preliminary hearing attorney's alleged failure to inform him that the State could file a persistent violator enhancement if he did not accept the offer made prior to the preliminary hearing.

as well as his right to place the burden on the State to prove the enhancement beyond a reasonable doubt. Bowman acknowledged that he did not need more time to talk to his attorney, waived his right to require the State to prove the enhancement, acknowledged the minimum sentence of an additional five years and maximum possible sentence of life in prison, and admitted to being a persistent violator of the law. The district court dismissed this claim for failure to show prejudice.

Although Bowman was not arraigned on the enhancement, he has made no more than speculative conclusory statements that an arraignment or formal reading prior to trial would have caused him to plead guilty and that the trial court would have imposed a lesser sentence. Further, this argument is unrelated to the deficient performance Bowman argues on appeal. On appeal, Bowman argues that the deficient performance occurred prior to the preliminary hearing. The absence of an arraignment for the Information Part II is irrelevant to the deficient performance alleged because the State did not file the persistent violator enhancement until several months after the preliminary hearing. The district court did not err in dismissing this claim.

## C.    Ineffective Assistance of Trial Counsel

In his amended petition, Bowman alleged that he "advised his trial counsel of his desire to plead guilty, based on the strength of the[S]tate's case in light of the breadth of Idaho's law on complicity" but asserts that, "based on an obvious misunderstanding of the law, his trial attorney advised against any plea offer on the erroneous basis that [Bowman's] conduct could not be covered by the aiding and abetting statute." Bowman's amended petition also alleges "trial counsel received an extra $20,000.00 in payment for proceeding to trial" and that "trial counsel did not adequately understand Idaho's law regarding accomplice liability." Finally, Bowman's amended petition alleges that if he had been properly advised, "he would not have proceeded to trial and would have accepted the [State's] offer." Bowman asserts that relief should be granted based on these allegations because, even if he entered an unconditional guilty plea, he would have ultimately received a lesser sentence. Bowman concludes that, if he had pled guilty rather than going to trial, his sentence would be more similar to his codefendant who received a lesser sentence.[5]

---

[5]     Bowman's codefendant pled guilty before trial without an offer from the State and received a unified sentence of thirty years, with a minimum period of confinement of seven years. Bowman speculates that he would have received a lesser sentence than his codefendant because the codefendant was "more culpable in the crime" than Bowman.

The State argues that, at the time trial counsel was representing Bowman, there is nothing in the record to suggest that his sentence would have been less or comparable to his codefendant had he pled guilty. There is no evidence that a plea agreement was proffered after the preliminary hearing and before trial or any other evidence to show Bowman's sentence would have been less. On reply, Bowman argues that, had he received competent legal advice, he would have pled guilty at any point before the persistent violator enhancement was filed (even without a plea offer from the State) and would not have been subject to the additional fifteen-year persistent violator enhancement. Even assuming the advice from trial counsel was deficient performance, Bowman's arguments fail on two accounts. Bowman cannot show that he was prejudiced by going to trial because his codefendant's sentence is irrelevant, and Bowman does not cite to the record to show an essential aspect of his claim--when the purported deficient performance occurred.

First, this Court will not engage in an exercise of comparative sentencing. *State v. McFarland*, 130 Idaho 358, 365, 941 P.2d 330, 337 (Ct. App. 1997); *State v. Pederson*, 124 Idaho 179, 183, 857 P.2d 658, 662 (Ct. App. 1993); *State v. Smith*, 123 Idaho 290, 294, 847 P.2d 265, 269 (Ct. App. 1993). It is well settled that not every offense in like category calls for identical punishment; there may properly be a variation in sentences between different offenders, depending on the circumstances of the crime and the character of the defendant in his individual case. *Pederson*, 124 Idaho at 183, 857 P.2d at 662.

Second, Bowman cites to the United States Supreme Court's holding that, when a petitioner alleges inaccurate legal advice, it must be shown that there is a reasonable probability that, but for the deficient performance, the outcome of the plea process would have been different with competent advice. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Bowman spends much of his brief explaining the timeline of the case without citing when the alleged deficient performance occurred. Bowman does not allege, and the record does not suggest, at what point in the case trial counsel gave Bowman the advice regarding the accomplice liability theory. Rather, Bowman only alleges the conversation occurred "prior to trial." However, on reply, Bowman specifies the sentence would not have been subject to the enhancement if Bowman had pled guilty before the filing of the enhancement nearly five months before trial. Bowman does not assert, and we will not speculate, that the advice was given before the filing of the enhancement as such advice was just as likely given between the filing of the enhancement and the date of trial.

10

Bowman's assertion that trial counsel advised against accepting any plea offer based on trial counsel's misunderstanding of the law fails to allege an essential element--that a plea offer was proffered from the State while trial counsel represented Bowman. Bowman does not allege that any plea offer was available to him at any point when trial counsel represented him. Rather, the only plea offer mentioned in the record expired before the preliminary hearing and before trial counsel filed a notice of appearance. Bowman has failed to show error in the summary dismissal of his ineffective assistance of counsel claims.

## IV.

## CONCLUSION

Bowman failed to meet his burden to show that his preliminary hearing attorney rendered ineffective assistance by providing the State's plea offer to Bowman before the preliminary hearing or by failing to instruct Bowman that the State could later file a persistent violator enhancement. Bowman also failed to meet his burden to show trial counsel rendered ineffective assistance by providing inaccurate advice regarding proceeding to trial. Thus, the judgment summarily dismissing Bowman's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.